UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSE HARRIS,

                              Plaintiff,                    1:22-cv-118 (BKS/TWD)

v.

U.S. SECRET SERVICE,

                              Defendant.
_____

**Appearances:**

*Plaintiff Pro Se:*
Jesse Harris
Albany, NY 12201

*For Defendant:*
Carla B. Freedman
United States Attorney
C. Harris Dague
Assistant United States Attorney
445 Broadway, Room 218
Albany, New York 12207

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.   INTRODUCTION

Plaintiff Jesse Harris, proceeding pro se, commenced this action on February 8, 2022, against Defendant United States Secret Service ("Secret Service"). (Dkt. No. 1). In his complaint, Plaintiff claims he is the current President of the United States of America and requests that this Court order Defendant to pay him a presidential salary of $433,333.33. (*Id*. at 4). Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 12). Plaintiff filed a

response in opposition to the motion, and Defendant replied. (Dkt. Nos. 14, 15). For the reasons discussed below, Defendant's motion to dismiss is granted in the entirety.

II.     **FACTS**[1]

Plaintiff alleges that he is "the real current President of the United States" and a "member of the U.S. Secret Service." (Dkt. No. 1, at 4; Dkt. No. 14-1, at 1). He asserts that he "ran for President," was "informed by the Government that [he] won the [Presidential] Election," and was elected on November 3, 2020. (Dkt. No. 14-1, at 1). He "became President" on January 1, 2021. (Dkt. No. 1, at 4).

Therefore, as the President, Plaintiff asserts that he is entitled to a salary pursuant to 3 U.S.C. § 102, which the Secret Service is "legally required" to pay him. (Dkt. No. 1, at 4; Dkt. No. 14-1, at 1). Because he "became President" on January 1, 2021, and uscode.house.gov indicates that the "salary of the President of the United States is $400,000" per year, he claims the Secret Service owes him $433,333.33 because he had been President for 13 months as of the filing of his complaint. (*Id.*).

Plaintiff alleges that the "Secret Service is lying when they say Joseph Biden is the President," and that "Joseph Biden is not the President," nor was he elected to be President. (Dkt. No. 14-1, at 1). Moreover, "[t]he information about the President on Whitehouse.gov is a lie." (*Id.*).

---

[1] The facts are drawn from (1) the Complaint, (Dkt. No. 1), and, in view of Plaintiff's pro se status, (2) Plaintiff's opposition to Defendant's motion, (Dkt. No. 14), to the extent the submission is "consistent with the allegations in the complaint." *See Crum v. Dodrill*, 562 F. Supp. 2d 366, 373–74 & n.13 (N.D.N.Y. 2008) ("[T]he mandate to read the papers of pro se litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint."). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

III. **STANDARD OF REVIEW**

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

Because Plaintiff is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Nonetheless, to survive a Rule 12(b)(6) motion, a pro se plaintiff must support his claims with 'specific and detailed factual allegations, not stated in wholly conclusory terms.'" *Wightman-Cervantes v. ACLU*, No. 06-cv-4708, 2007 WL 1805483, at *1, 2007 U.S. Dist. LEXIS 45998, at *4 (S.D.N.Y. June 25, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir. 2000)).

IV. **DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint in its entirety, arguing that Plaintiff's claim rests entirely upon the "demonstrably untrue" allegation that he, and not Joseph R. Biden, is the current President of the United States. (Dkt. No. 12-1, at 2). Defendant submits that in accordance with Federal Rule of Evidence 201(b), the Court may take judicial notice of the fact

that Joseph R. Biden, and not Plaintiff, is the duly elected President of the United States, as this fact can be readily determined from government websites such as whitehouse.gov. (*Id.* at 3–4). Plaintiff responded by largely reiterating the same facts alleged in his complaint, (*see generally* Dkt. No. 14), adding, inter alia, that "the information about the President on Whitehouse.gov is a lie." (*Id*. at 1).

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* The court may also consider "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 357 (S.D.N.Y. 2003).

As Defendant notes, pursuant to FRE Rule 201(b), courts may take judicial notice of facts that are "not subject to dispute" because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The fact that Joseph R. Bident is President of the United States is not subject to reasonable dispute: it is generally known and it can be accurately and readily determined from governmental websites whose accuracy cannot be reasonably questioned. (*See* Dkt. No. 12-1, at 4 (citing www.archives.gov/electoral-college/2020; www.whitehouse.gov/administration/executive-office-of-the-president/; www.c-span.org/series/?presidents&pres=46; www.bbc.com/news/av/world-us-canada-55740014; https://www.npr.org/sections/inauguration-day-live-updates/2021/01/20/958736520/watch biden-takes-the-oath-of-office) (last accessed June 6, 2022)). Although Plaintiff contests the accuracy of "the information about the President on Whitehouse.gov," courts generally consider

4

government websites as sources "whose accuracy cannot reasonably be questioned" for purposes of FRE 201(b). *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (collecting cases); *Perez v. Ahlstrom Corp.*, No. 10-cv-1299, 2011 WL 2533801, at *2, 2011 U.S. Dist. LEXIS 68411, at *7 (D. Conn. June 27, 2011) ("[T]he Court may also properly consider 'matters of which judicial notice may be taken,' . . . including information on an official government website.").

Therefore, even when construing Plaintiff's complaint liberally and interpreting it to raise the strongest argument it suggests, because Plaintiff's allegation that he is the President of the United States is clearly false, his complaint is factually frivolous. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic[,]' or 'delusional.'"). As Plaintiff has no other factual allegations to base his claim for relief on, Defendant's motion to dismiss for failure to state a claim is granted.

V. **LEAVE TO AMEND**

Plaintiff has not requested leave to amend. Nonetheless, courts will generally provide a pro se litigant leave to amend their complaint. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). However, a court may dismiss a case without allowing leave to amend "where the substance of the claim pleaded is frivolous on its face." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted). Here, Plaintiff's claim rests solely on his demonstrably false belief that he is president, therefore, the substance of the claim is frivolous on its face and granting leave would not cure the defects of the complaint. Thus, the court denies Plaintiff leave to amend the complaint.

VI. **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice** in its entirety,[2] and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 6, 2022
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[2] Plaintiff's letter motion, Dkt. No. 16, seeking a decision on the motion to dismiss is denied as moot.